UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MELVIN T. THOMAS** | **CIVIL ACTION NO. 3:16-CV-1453** |
| LA. DOC #373401 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WILLIAM SAVAGE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 18, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Tensas Parish Detention Center (TPDC) and but it appears that his claims arise out of his time of incarceration at the Rivers Correctional Center in Ferriday, Louisiana. He asserts that the defendants, Warden Libby Tigner and Warden William Savage, have denied him the opportunity to obtain work-release status. He asks that the Court allow him to participate in the welding classes currently offered in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is a DOC prisoner incarcerated at the TPDC. He has written to the defendants notifying them that he is eligible for the work release program and would like to participate in the welding classes that provide privileged placement in technical, vocational or trade school. He

has apparently received no response and, as such, initiated the current suit.

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Work-Release*

Plaintiff implies that he has a Constitutional right to participate in a work-release program, presumably pursuant to the due process clause of the Fourteenth Amendment. However, plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's

(LDOC's) work-release program and cited by plaintiff in his complaint, entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994). .

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not entitled to participate in any particular work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 5, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**