UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MELVIN T. THOMAS**<br>　　**LA. DOC #373401** | **CIVIL ACTION NO. 3:16-CV-1453** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WILLIAM SAVAGE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## RULING

This is a civil rights action filed by Plaintiff Melvin T. Thomas ("Thomas"), acting *pro se*, and pursuant to 42 U.S.C. § 1983. Thomas asserts that he has been denied the opportunity to obtain work-release status and/or to participate in welding classes.

On December 5, 2016, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] in which she recommended that the Court dismiss Thomas' Complaint as frivolous and for failure to state a claim as a matter of law.

Thomas filed objections to the Report and Recommendation [Doc. Nos. 9 & 10]. In those filings, he re-urges his request for work release privileges; explains his desire to participate in welding classes, so that he could earn a living after his release; and alleges that his mail has been intercepted.

First, having fully reviewed the record in this matter, including Thomas' objections, the Court finds that Magistrate Judge Hayes has correctly stated and applied the law and, therefore, ADOPTS her Report and Recommendation. The Court issues this Ruling to address additional information

and arguments presented in Thomas' objections.

To the extent that Thomas is attempting to assert the same claims against persons where he is presently confined, the analysis is the same as applied to the Defendants associated with his former place of confinement. While it is admirable that Thomas is determined to seek welding education as a means of obtaining lawful employment and supporting his family, the Court simply has no authority to require prison officials to offer Thomas work release or to permit him to attend welding classes.

To the extent that Thomas seeks to amend his Complaint to include a claim for interference with his mail, amendment would be futile because he has not stated a cause of action under § 1983 on that basis either. He is not asserting that prison officials interfered with his legal mail and caused him to suffer prejudice. He is alleging only some effect, at best, on his attempts to obtain work release and/or access to welding classes to which he is not entitled under § 1983. Accordingly, as Magistrate Judge Hayes recommended and for these additional reasons, the Court will dismiss Thomas' Complaint with prejudice as frivolous and for failure to state a claim as a matter of law.

**MONROE, LOUISIANA, this 18th day of January, 2017.**

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE